UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

UNITED STATES OF AMERICA

              -against-

(a) ALL FUNDS ON DEPOSIT IN ACCOUNT
NOS. 94660869, 9948199297, 80007487,
9115606297, 9116151903, AND 9931127481
IN THE NAMES OF ANNETTE BONGIORNO AND/OR
RUDY BONGIORNO AT CITIBANK, N.A.,
et al.,
              Defendants in rem.
----------------------------------------x

10 Cv. 4858
(BSJ)(JCF)

**Memorandum and Order**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/11

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

BACKGROUND

    This case arises from the massive Ponzi scheme perpetuated at Bernard L. Madoff Investment Securities ("BLMIS"). In December 2008, BLMIS' principal, Bernard Madoff ("Madoff") was arrested by the FBI and charged with securities fraud and other offenses. Shortly after Madoff's arrest, BLMIS was ordered into receivership and, shortly thereafter, liquidation proceedings. In March 2009, Madoff himself plead guilty to a plethora of charges, including: securities fraud, investment advisor fraud, money laundering, perjury, and theft from an employee benefit plan. Since Madoff's arrest in 2008, the Government has vigorously pursued the investigation and prosecution of numerous individuals alleged to have participated in the fraud.

**_Related Criminal Case_**

On November 17, 2010, a grand jury returned a superseding indictment charging Daniel Bonventre ("Bonventre"), Annette Bongiorno ("Bongiorno"), and three other defendants with criminal conduct related to the fraud perpetuated at BLMIS. The indictment charged Bonventre with various securities and tax crimes. Bonventre, joined by Bongiorno and defendant Joann Crupie, (collectively "defendants") filed a joint motion to dismiss the indictment in January 2011. The basis of defendants' motion was that the Government had improperly restrained assets that Bonventre contended were needed to fund his defense. Defendants argued that the Government's improper restraint had violated both Bonventre's constitutional Sixth Amendment right to counsel of his choice and his Fifth Amendment right to due process. Judge Laura Taylor Swain denied defendants' motion to dismiss on March 30, 2011. In her opinion, Judge Swain found that "[w]hile a defendant has a property interest in funds consensually given to him by their rightful owner, he has no such interest in money, though in his possession, that is not rightfully his" and the Government had "on the current record, the right to pursue measures under the applicable forfeiture statutes." U.S. v. Bonventre et al., 2011 WL 1197853 at *4-5 (S.D.N.Y. Mar. 30, 2011)(internal citations omitted).

Following Judge Swain's order, the defendants filed an interlocutory appeal with the Second Circuit. Upon due consideration, the Second Circuit dismissed the appeal on July 28, 2011.

### *The Present Action*

In parallel with the criminal investigation of former BLMIS employees, Daniel Bonventre and Annette Bongiorno, the Government brought the instant civil action *in rem* pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(A) in June 2010. The Government then twice amended its original complaint, and filed the Second Amended Complaint with this Court in February 2011. The Government's Second Amended Complaint seeks forfeiture of property which they allege is traceable to the fraud orchestrated at BLMIS. Pursuant to Supplemental Rule G(5)(a) of the Federal Rules of Civil Procedure, criminal defendants Bonventre and Bongiorno, along with their respective spouses, Barbara Bonventre and Rudy Bongiorno, each filed claims asserting an interest in the defendant property.

Daniel and Barbara Bonventre ("Bonventre Claimants") have now filed a motion to dismiss. In support of their motion, the Bonventre Claimants argue that the Government's forfeiture complaint violates their Fifth and Sixth Amendment constitutional rights. The Bonventre Claimants also argue that the Complaint must be dismissed because it fails to conform to a

statutory requirement that the Government file such civil forfeiture actions immediately following a related criminal indictment.

For the reasons discussed, the Court finds claimants' arguments unavailing and denies the motion to dismiss.

## DISCUSSION

With respect to the Bonventre Claimants' arguments that the complaint should be dismissed due to violations of the Fifth and Sixth Amendment, this Court finds that these claims are identical to those raised in the Motion to Dismiss the Indictment that was previously decided by Judge Swain. In light of Judge Swain's decision on that motion, this Court is precluded under the doctrine of collateral estoppel from re-examining these issues which have already been fully litigated and decided by a court of competent jurisdiction. Collateral estoppel, or issue preclusion applies when: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits." Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) (internal citation omitted). The Bonventre Claimants argue that the doctrine of issue preclusion should not apply here because the

4

criminal case has not yet reached its conclusion.  The Second Circuit has held, however, that courts may decide that a judgment which does not end the litigation may still preclude further litigation on the same issue.  See Lummus Co. v. Commonwealth Oil Refining Co., Inc., 297 F.2d 80, 89 (2d Cir. 1961).  In reaching its decision that the Bonventre Claimants are precluded from raising their Fifth and Sixth Amendment claims, the Court considers factors such as "the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review."  Id. Given that the Bonventre Claimants fully litigated identical claims in the criminal action before Judge Swain, this Court finds that these claims are precluded under the doctrine of collateral estoppel.

The Court finds the Bonventre Claimants' remaining argument, that the Second Amended Complaint should be dismissed because the Government failed to bring this action immediately or very soon after the criminal indictment, meritless and without support.  Even setting aside the fact that the Bonventre Claimants' have misinterpreted the statute itself, the criminal forfeiture statute relied on by the Bonventre Claimants', 21 U.S.C. § 853, does not control civil forfeiture actions like the one at bar.  The only limitations period controlling civil forfeiture actions is contained at 19 U.S.C. § 1621.  "To avoid

running afoul of the statute of limitations, the government ha[s] two windows within which to file its civil forfeiture action: 'within five years after the time when the alleged offense was discovered, or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered, whichever was later…" United States v. 5443 Sufield Terrace, Skokie, Ill., 607 F.3d 504, 507 (7th Cir. 2010) (quoting 19 U.S.C. § 1621).  In light of this limitations period, since Madoff's crimes were not discovered until December 2008, the Court finds that the Government's civil forfeiture action is timely filed under the statute.

**CONCLUSION**

Accordingly, the motion to dismiss is denied.  The Clerk of the Court is directed to terminate ECF motion #16.


**SO ORDERED:**

_____
BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**


Dated:     New York, New York
           September 14, 2011