**Fox Rothschild LLP**
ATTORNEYS AT LAW

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900 Fax 212.692.0940
www.foxrothschild.com

Daniel A. Schnapp
Direct Dial: (212) 878-7960
Email Address: dschnapp@foxrothschild.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-29-13

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-7-13

April 22, 2013

**VIA FACSIMILE: 212-805-7941**

Hon. Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

10 cv 4858

Re:   **United States of America v. $304,041.01 on Deposit at Citibank, N.A. et al**

Your Honor:

This Firm represents claimants, Hudson City Savings Bank, Daniel R. Bonventre, and Barbara G. Bonventre (collectively, the "Claimants").[1]

Pursuant to Your Honor's Individual Motion Practice and Rules we respectfully request a pre-motion conference for leave to file a motion seeking discharge of the alleged First State Bank's mortgage in the real property located at 16 Edgewater Terrace, Mantoloking, New Jersey (the "Mantoloking Property"), which is defendant-in-rem in the Forfeiture Proceeding.

On February 16, 2011, Daniel R. Bonventre and Barbara G. Bonventre timely filed a notice of claim in the Forfeiture Proceeding asserting, among other things, an ownership interest in the Mantoloking Property. On October 10, 2011, we filed a notice of claim on behalf of Hudson City Savings Bank.

First State Bank, who is not a claimant in the Forfeiture Proceeding, had failed to timely file a notice of claim and comply with the procedural requirements set forth in the Supplemental

---

[1] This Firm represents Hudson City Savings Bank in the above-referenced forfeiture proceeding ("Forfeiture Proceeding") and Daniel R. Bonventre and Barbara G. Bonventre in state court matters related to the Mantoloking Property as described below.

A Pennsylvania Limited Liability Partnership

California   Connecticut   Delaware   District of Columbia   Florida   Nevada   New Jersey   New York   Pennsylvania

*Counsel may proceed with the motion*

**SO ORDERED**

*May 6, 2013*

*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE



Fox Rothschild LLP
ATTORNEYS AT LAW
Hon. Loretta A. Preska
April 22, 2013
Page 2

Rule C(6)(a) and 18 U.S.C. § 983(a)(4)(A). *See also U.S. v. $175,918.00 In U.S. Currency*, 755 F.Supp. 630, 632 (S.D.N.Y. 1991) ("A party who fails to file a claim normally lacks standing to contest a forfeiture."). Since First State Bank had failed to file a timely notice of claim, it cannot contest a forfeiture of the Mantoloking Property. *Id.* As a result, its alleged mortgage in the Mantoloking property should be discharged.

First State Bank received sufficient notice about the Forfeiture Proceeding and was aware that the Mantoloking Property was the subject to such Proceeding.

Specifically, on March 31, 2010, the United States provided public notice of the criminal forfeiture claim against the Mantoloking Property by filing a Notice of Pendency with the Ocean County Office of the Clerk.

More than a year later, on April 28, 2011, First State Bank attempted to foreclose upon the Mantoloking Property by filing its complaint against, among other parties, the Claimants and the United States in the Superior Court of New Jersey (the "Foreclosure Proceeding"). Since First State Bank named the United States as defendant, it clearly had a notice that the Mantoloking Property is subject to forfeiture by the government.

The United States filed a motion to dismiss First State Bank's complaint due to pending forfeiture proceeding which is the exclusive forum for First State Bank's foreclosure claims. The United States' unopposed motion to dismiss was granted on September 21, 2011. As a party to the Foreclosure Proceeding, First State Bank had sufficient notice that the Mantoloking Property is subject to the Forfeiture Proceeding and had the opportunity to contest the United States' motion to dismiss.

Therefore, this Court has exclusive jurisdiction over the Mantoloking Property and can issue a decision discharging First State Bank's interest in the property. *See e.g.* 28 U.S.C. §1355(b)(1)(A); *United States v. Funds Held In The Name Or For The Benefit Of John Hugh Wetterer*, 210 F.3d 96, 104 (2d Cir. 2000).

Pursuant to Your Honor's Individual Motion Practice and Rules, all non-moving parties (who are copied on this letter), shall, within 3 business days, submit a letter not to exceed three pages in length setting forth their respective positions concerning the anticipated motion.

So ordered
Loretta A. Preska    4/29/13

Case 1:10-cv-04858-LAP Document 77 Filed 05/07/13 Page 3 of 7
Case 1:10-cv-04858-LAP Document 75 Filed 04/29/13 Page 3 of 3
To: Page 4 of 4 2013-04-22 15:57:59 EDT Fox Rothschild LLP From: Flynn, Lauren



**Fox Rothschild LLP**
ATTORNEYS AT LAW

Hon. Loretta A. Preska
April 22, 2013
Page 3

    Since First State Bank has not filed a notice of claim in the Forfeiture Proceeding, we will provide a copy of this letter to them upon the directions from the Court.

    We thank the Court for its attention to this matter.

Respectfully submitted,

Daniel A. Schnapp

cc (via facsimile):    Barbara Ann Ward (212-637-0421)
                          Matthew Lane Schwartz (212-637-2750)
                          Maurice H. Sercarz (212-586-1234)
                          Roland Gustaf Riopelle (212-586-1234)
                          Diane Ferrone (212-586-1234)
                          Andrew James Frisch (212-304-0352)

THE LAW OFFICES OF
# ANDREW J. FRISCH

40 FULTON STREET
23RD FLOOR
NEW YORK, NEW YORK 10038

(212) 285-8000
FAX: (646) 304-0352

WWW.ANDREWFRISCH.COM

April 25, 2013

The Honorable Loretta A. Preska
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re: United States v. $304,041.01 on Deposit at Citibank, N.A., et al.
> <u>Civil Docket Number 10-4858 (LAP)</u>

Dear Judge Preska:

I represent Claimants Daniel R. Bonventre, Barbara Bonventre and Daniel M. Bonventre (the "Bonventre Claimants") in the above-referenced civil forfeiture action. I write in response to a letter dated April 22, 2013, submitted to Your Honor from attorneys for Hudson City Savings Bank ("Hudson"), mortgagee of one of the *in rem* properties identified in this case, 16 Edgewater Terrace, Mantoloking, New Jersey, which is jointly owned by Daniel R. and Barbara Bonventre, husband and wife. Hudson seeks a conference on its prospective motion for an order discharging a mortgage of First State Bank. The Bonventre Claimants take no position on Hudson's prospective motion.

Respectfully submitted,

Andrew J. Frisch

cc: All Counsel

# SERCARZ & RIOPELLE, LLP

CARNEGIE HALL TOWER
152 WEST 57TH STREET, 24TH FLOOR
NEW YORK, NEW YORK 10019
(212) 586-4900
FACSIMILE (212) 586-1234

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

DIANE FERRONE

*ADMITTED IN NY & NJ

April 29, 2013

*Via Facsimile*

Hon. Loretta Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    United States v. $304,041.01 on Deposit at Citibank, N.A. et al., Case No. 10 Civ. 4858

Your Honor:

    This firm is counsel to Annette Bongiorno and Rudy Bongiorno, claimants in the above referenced case.

    We are in receipt of Mr. Schnapp's April 22, 2013 letter and Your Honor's Order of April 29, 2013.

    Neither of our clients have made a claim to the property located at 16 Edgewater Terrace Mantoloking, New Jersey, and accordingly, take no position on Mr. Schnapp's letter seeking a pre-motion conference for leave to file a motion seeking discharge of



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 2, 2013

BY FACSIMILE

Hon. Loretta A. Preska
Chief United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 620
New York, New York 10007
Facsimile: (212) 805-7941

    Re: *United States v. $304,041.01 on Deposit at Citibank, N.A., et al.*,
           No. 10 Civ. 4858 (LAP) (JCF)

Dear Chief Judge Preska:

    I write in response to the April 22, 2013, letter from counsel for Hudson City Savings Bank,[1] and pursuant to the Court's April 29, 2013 memo-endorsed order. As the Court may be aware, this is a civil forfeiture action seeking the forfeiture of various assets nominally belonging to Daniel Bonventre and Annette Bongiorno, and their respective families. Bonventre and Bongiorno, both long-time employees of Bernard L. Madoff Investment Securities LLC, are charged in Indictment S8 10 Cr. 228, captioned *United States v. Daniel Bonventre, et al.*, pending before the Honorable Laura Taylor Swain (the "related criminal case"). Trial in the related criminal case is scheduled to commence in October 2013, and Judge Jones — to whom this case was last assigned — previously stayed discovery and other proceedings in this action pending the *Bonventre* trial, pursuant to 18 U.S.C. § 981(g).

    Nonetheless, the Government does not object to lifting that stay for the limited purpose of allowing Hudson City Savings Bank to make its contemplated motion, which appears to essentially be seeking a default judgment, and which appears to involve no request for discovery or to implicate any issue encompassed within the related criminal case. Given that First State Bank received both publication notice (through the Government's website, as permitted by statute and regulation in forfeiture matters) and actual, personalized notice (through the

---

[1]     In their letter, counsel for Hudson City Savings Bank indicates that he also represents Daniel R. Bonventre and Barbara Bonventre. While that may have been true in the New Jersey foreclose proceedings referenced in the bank's letter, it is not the case here, where the Bonventres are represented by the Law Offices of Andrew J. Frisch, which is also representing Daniel Bonventre in connection with the related criminal case.

Government's motion to dismiss First State Bank's foreclose action in New Jersey State Court, which was based on this Court having sole jurisdiction over matters concerning the relevant property), the Government agrees that First State Bank has failed to timely file a claim in these proceedings and that, as a result, any asserted interest in the property has been extinguished. The Government therefore anticipates, subject to reviewing Hudson City's motion papers, agreeing with the substance of the proposed motion.

Thank you for your consideration.

Respectfully,

PREET BHARARA
United States Attorney

By: _____
MATTHEW L. SCHWARTZ
PAUL M. MONTELEONI
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-1945/2219
Facsimile: (212) 637-2452
E-mail: matthew.schwartz@usdoj.gov

cc: BY ELECTRONIC MAIL

Andrew J. Frisch, Esq.
The Law Offices of Andrew J. Frisch
*Attorneys for the Bonventre Claimants*

Maurice H. Sercarz, Esq.
Roland G. Riopelle, Esq.
Diane Ferrone, Esq.
Sercarz & Riopelle, LLC
*Attorneys for the Bongiorno Claimants*

Daniel A. Schnapp, Esq.
Fox Rothschild LLP
*Attorneys for Claimant Hudson City Savings Bank*