UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>- against -<br><br>ALL FUNDS ON DEPOSIT IN ACCOUNT NOS. 94660869, 9948199297, 8007487, 9115606297, 9116151903, AND 9931127481 IN THE NAMES OF ANNETTE BONGIORNO AND/OR RUDY BONGIORNO AT CITIBANK, N.A., et. al.,<br><br>      Defendants – in – Rem. | 10-CV-4858 (LAP) |

**MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT HUDSON CITY SAVINGS BANK'S MOTION SEEKING DISCHARGE OF FIRST STATE BANK'S <u>ALLEGED MORTGAGE</u>**

                FOX ROTHSCHILD LLP

                Daniel A. Schnapp, Esq.
                Oksana G. Wright, Esq.
                100 Park Avenue, 15th Floor
                New York, NY  10017
                Tel: (212) 878-7900
                Fax: (212) 692-0940

Claimant, Hudson City Savings Bank ("Hudson Bank"), respectfully submits this memorandum of law in support of its motion seeking discharge of First State Bank's alleged mortgage in the real property located at 16 Edgewater Terrace, Mantoloking, New Jersey (the "Mantoloking Property"), which is a defendant-in-rem in this civil forfeiture proceeding (the "Civil Forfeiture Proceeding"). The movant, Hudson Bank, is a mortgagee of the Mantoloking Property who timely filed its notice of claim and related documents in the Civil Forfeiture Proceeding.

## PRELIMINARY STATEMENT

This Court should issue a decision discharging First State Bank's interest in the Mantoloking Property due to First State Bank's failure to file a claim in the Civil Forfeiture Proceeding. Pursuant to statutory and case law this Civil Forfeiture Proceeding provides an appropriate and exclusive forum to resolve disputes over the property "taken or detained" pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 981.

First State Bank received proper notice from the United States Attorney's Office (the "Government") of this Civil Forfeiture Proceeding against the Mantoloking Property, and the related criminal case where the Mantoloking Property was named in the indictment, but First State Bank failed to comply with the statutory requirements in order to preserve its alleged interest in the Property.

Finally, as evidenced by the Government's response to Hudson Bank's pre-motion letter to this Court, the Government agrees that "First State Bank has failed to timely file a claim in the [Civil Forfeiture Proceeding] and that, as a result, any asserted interest in the property has been extinguished." Therefore, for the reasons fully set forth in this memorandum, First State Bank's alleged mortgage in the Mantoloking Property should be discharged.

## FACTS AND PROCEDURAL HISTORY

Hudson Bank is a mortgagee of the Mantoloking Property which was purchased in October 2008 by Daniel M. Bonventre and Barbara Bonventre.  A copy of the deed is attached to Declaration of Daniel A. Schnapp ("Schnapp Dec.") as **Exhibit 1**.

On March 24, 2010, Daniel R. Bonventre (the husband of Barbara Bonventre and the father of Daniel M. Bonventre) was indicted by a federal grand jury with participating in the Ponzi scheme created by Bernard L. Madoff.  *See United States v. Daniel Bonventre, et al.*, S1 10 CR 228 (S.D.N.Y.) (the "Criminal Case").  The trial in the Criminal Case is scheduled to commence in October 2013.  *See* May 2, 2013 Letter of the U.S. Attorney, Preet Bhararra attached to Schnapp Dec. as **Exhibit 2**.

The indictment also included forfeiture claims against certain properties, including the Mantoloking Property.  *See* Indictment at page 59, attached to Schnapp Dec. as **Exhibit 3**.  On March 31, 2010, the United States provided public notice of the criminal forfeiture claim against the Mantoloking Property by filing a Notice of Pendency with the Ocean County Office of the Clerk.  *See* Schnapp Dec., **Exhibit 4**.  Less than a year later, on February 2, 2011, the United States filed a civil forfeiture proceeding (the "Civil Forfeiture Proceeding") against the Mantoloking Property.  *See* Second Amended Complaint (docket entry #11).  The Government provided the publication notice of the Civil Forfeiture Proceeding "through the Government's website as permitted by statute and regulation in forfeiture matters."  Exhibit 2.

On February 16, 2011, Daniel R. Bonventre and Barbara G. Bonventre filed a notice of claim in the Civil Forfeiture Proceeding asserting, among other things, an ownership interest in the Mantoloking Property.  *See* Docket Entries ## 12 and 13. On October 10, 2011, Hudson

Bank also filed a notice of claim in the Civil Forfeiture Proceeding asserting an interest in the Mantoloking Property.  Docket Entry # 47.

On April 28, 2011, more than a year after the Mantoloking Property was named in the forfeiture allegations of the indictment and two months after the government filed the Civil Forfeiture Proceeding, First State Bank attempted to foreclose upon the Mantoloking Property by filing its complaint against, among other parties, Hudson Bank and the United States (the "Government") in the Superior Court of New Jersey (the "Foreclosure Proceeding").  A copy of the Complaint is attached as **Exhibit 5** to Schnapp Dec.

The Government filed a motion to dismiss First State Bank's complaint for lack of subject matter jurisdiction and due to pending forfeiture proceeding which is the exclusive forum for First State Bank's foreclosure claims.  A copy of the Government's Motion To Dismiss on notice to First State Bank, among others, is attached as **Exhibit 6** to Schnapp Dec.  The United States' unopposed motion to dismiss was granted on September 21, 2011.  A copy of the Order is attached to Schnapp Dec. as **Exhibit 7**.  First State Bank did not challenge the Government's motion to dismiss in the Foreclosure Proceeding and also failed to file a notice of claim in the Forfeiture Proceeding.

On April 22, 2013, counsel for Hudson Bank submitted a letter in the Forfeiture Proceeding requesting a pre-motion conference in anticipation of filing the motion to discharge the alleged First State Bank's mortgage in the Mantoloking Property.  A copy of the Letter is attached to Schnapp Dec. as **Exhibit 8**.

Pursuant to the Court's April 29, 2013 order, other parties to the Forfeiture Proceeding submitted their responses.  No party objected to Hudson Bank's proposed motion.

3

In fact, the Government stated that it does not object to lifting the discovery stay[1] in the Forfeiture Proceeding "for the limited purposes of allowing Hudson [Bank] to make its contemplated motion, which appears to essentially be seeking a default judgment, and which appears to involve no request for discovery or to implicate any issue encompassed within the related criminal case." Exhibit 2.  Further, the Government stated that "[g]iven that First State Bank received both publication notice (through the Government's website as permitted by statute and regulation in forfeiture matters) and actual, personalized notice (through the Government's motion to dismiss First State Bank's foreclosure action in New Jersey State Court, which was based on this Court having sole jurisdiction over matters concerning the relevant property), the Government agrees that *First State Bank has failed to timely file a claim in these proceedings and that, as a result, any asserted interest in the property has been extinguished*." *Id.* (emphasis added).  The Government finally noted that it "anticipates, subject to reviewing Hudson [Bank's] motion papers, agreeing to the subject of the proposed motion." *Id.*

On May 6, 2013, the Court issued an order allowing Hudson Bank to proceed with its motion.

### ARGUMENT

**A. This Court Has Exclusive Jurisdiction To Grant Hudson Bank's Motion**

This Court has exclusive jurisdiction over the Mantoloking Property and can issue a decision discharging First State Bank's interest in the property. *See, e.g.,* 28 U.S.C. §1355(b)(1)(A) (forfeiture action or proceeding may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred); *see also McRaith v. Leading Edge Group Holdings, Inc.*, No. 10-3351, 2010 WL 4446852, at *3 (D. N.J.

---

[1] Judge Jones – who was previously assigned to the case – had stayed discovery and other proceedings pending trial

4

Nov. 1, 2010)  ("The civil forfeiture action provides an appropriate, and indeed exclusive, forum to resolve disputes over the [property]…").

This Court has already asserted jurisdiction over the Mantoloking Property by virtue of the Criminal Case (*United States v. Daniel Bonventre, et al.*, S1 10 CR 228) where the Mantoloking Property was named in the indictment and the trial is scheduled to commence in October 2013.  *See, e.g.*, Exhibits 2, 3.

Further, the Government filed the Forfeiture Proceeding against the Mantoloking Property pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 981.  Pursuant to CAFRA, "property taken or detained under this section shall not be repleviable, but shall be deemed to be in the custody of the Attorney General, the Secretary of the Treasury, or the Postal Service, as the case may be, subject only to the orders and decrees of the court or the official having jurisdiction thereof."  18 U.S.C. § 981; *see also McRaith,* 2010 WL 4446852, at *3 (holding that clear language of CAFRA vests exclusive jurisdiction to the court presiding over the property).

Moreover, pursuant to 28 U.S.C §1355(a) **"**[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress…"  Here, based on the Second Amended Complaint, the Forfeiture Proceeding at issue was brought pursuant to 28 U.S.C. §1355(b)(1)(A), which provides a "forfeiture action or proceeding may be brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."  *See also United States v. Funds Held In The Name Or For The Benefit Of John Hugh Wetterer*, 210 F.3d 96, 104 (2d Cir. 2000) (discussion of other basis for the Court's jurisdiction over property in a civil forfeiture proceeding); *see also*

---

in the Criminal Case.

5

28 U.S.C. §1355(d) ("Any court with jurisdiction over a forfeiture action may issue and cause to be served in any other district such process as may be required to bring before the court the property that is the subject of the forfeiture action."). Since Daniel R. Bonventre's alleged acts or omissions giving rise to the forfeiture occurred in this district, and this Court had already asserted jurisdiction over the Mantoloking Property in the Criminal Case, this Court has exclusive jurisdiction over the Civil Forfeiture Proceeding.

Moreover, unlike the criminal forfeiture statutes that act *in personam,* and permit the forfeiture of the defendant's interests only, the civil forfeiture statutes permit the forfeiture of the property of innocent parties and, accordingly, jurisdiction of the Court over the specific property. *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005); *United States v. O'Dell*, 247 F.3d 655, 680 (6th Cir. 2001) ("Civil forfeiture, on the other hand, is an *in rem* proceeding wherein the subject property is treated as being itself guilty of wrongdoing."); *United States v. Lester,* 85 F.3d 1409, 1414 n. 8 (9th Cir. 1996) ( "[A] civil forfeiture is an *in rem* proceeding in which liability attaches to a particular property and not particular institutions or individuals.").

As a result, this Court has *in rem* jurisdiction over the Mantoloking Property in the Civil Forfeiture Proceeding and can resolve all claims related to the Mantoloking Property, including discharge of First State Bank's alleged mortgage.

### B. First State Bank Failed To Timely File A Notice Of Claim And Hereby Relinquished Any Claim To The Property

Rules governing civil forfeiture proceedings are set forth in CAFRA and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). *See, e.g.*, Supplemental Rule A(1)(B). First State Bank, which is not a claimant in the Civil Forfeiture Proceeding because it failed to timely file a notice of claim and comply with the procedural requirements set forth in the Supplemental Rule C(6)(a) and 18

U.S.C. § 983(a)(4)(A).  *See also U.S. v. $175,918.00 In U.S. Currency*, 755 F.Supp. 630, 632 (S.D.N.Y. 1991) ("A party who fails to file a claim normally lacks standing to contest a forfeiture.").

Pursuant to 18 U.S.C. § 983(a)(1), where the government executes a seizure pursuant to a civil forfeiture statute such as the statute in this case – 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) , it must provide notice to the interested parties.  Any person claiming an interest in the seized property may file a claim with an appropriate official. 18 U.S.C. § 983(a)(2).

Where a claim has been filed, the government must commence a civil action *in rem* by filing a complaint for forfeiture in an appropriate court. *Id.* § 983(a)(3)(A); Supp. R. G(1), (2).  Any person claiming an interest in the property and wishing to contest the forfeiture must file a claim in the court where the civil action is pending. 18 U.S.C. § 983(a)(4); Supp. R. G(5).

The Supplemental Rule C(6)(a) provides that in an action in rem "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action <u>must file</u> a verified statement of right or interest: (A) within 14 days after the execution of process, or (B) within the time that the court allows…" Supp. Rule C(6)(a)(i) (emphasis added).  The verified statement must identify the claimants interest in the property.  Supp. Rule C(6)(a)(ii).  Further, "a person who asserts a right of possession or any ownership interest must serve an answer within 21 days after filing the statement of interest or right."  Supp. Rule C(6)(a)(iv).

First State Bank received sufficient notice about the Civil Forfeiture Proceeding and was aware that the Mantoloking Property was the subject to such Proceeding.  *See, e.g.,* Exhibit 2 ("Given that First State Bank received both publication notice (through the Government's website as permitted by statute and regulation in forfeiture matters) and actual, personalized notice (through the Government's motion to dismiss First State Bank's foreclosure action in New

7

Jersey State Court, which was based on this Court having sole jurisdiction over matters concerning the relevant property), the Government appears to agree that First State Bank has failed to timely file a claim in these proceedings and that, as a result, any asserted interest in the property has been extinguished.").

Specifically, on March 31, 2010, the Government provided public notice of the criminal forfeiture claim against the Mantoloking Property by filing a Notice of Pendency with the Ocean County Office of the Clerk.  Exhibit 4.  Less than a year later, on February 2, 2011, the Government commenced the Civil Forfeiture Proceeding against the Mantoloking Property.  The Government provided the proper notice of the Civil Forfeiture Proceeding through its website.  Exhibit 2.

On April 28, 2011, First State Bank attempted to foreclose upon the Mantoloking Property by filing its complaint against, among other parties, the Claimants and the United States in the Superior Court of New Jersey (the "Foreclosure Proceeding").  Since First State Bank named the United States as defendant, it clearly had notice that the Mantoloking Property is subject to forfeiture by the Government.[2]

The United States filed a motion to dismiss First State Bank's complaint due to pending forfeiture proceeding which is the exclusive forum for First State Bank's foreclosure claims.  The United States' unopposed motion to dismiss was granted on September 21, 2011.  Exhibit 7.  As a party to the Foreclosure Proceeding, First State Bank had sufficient notice that the

---

[2] Instead, First State Bank attempted to circumvent the forfeiture proceedings by initiating a foreclosure action against the Mantoloking Property in the New Jersey state court.  In that action, First State Bank, on notice about the forfeiture proceedings, named as defendants, the United States and Hudson Bank.  After the United States had filed a motion to dismiss the foreclosure action, First State Bank did not oppose it.  As a result, First State Bank had every opportunity to challenge the forfeiture of the Mantoloking Property in the foreclosure proceeding or to become a claimant in the Civil Forfeiture Proceeding by filing its notice of claim.  However, First State Bank failed to do so.

8

Mantoloking Property is subject to the Forfeiture Proceeding and had the opportunity to contest the United States' motion to dismiss.

Since First State Bank received sufficient notice of the Civil Forfeiture Proceeding and failed to timely file a claim in this Proceeding, First State Bank's alleged interest in the Mantoloking Property has been extinguished. Therefore, First State Bank's alleged mortgage in the Mantoloking Property should be discharged.

## CONCLUSION

For the foregoing reasons, Hudson City Savings Bank respectfully requests that this Court grant its motion for an order deeming First State Bank's mortgage discharged of record and any further relief that this Court deems just and proper.

Dated:  May 20, 2013
New York, New York

FOX ROTHSCHILD LLP

**/s/ Daniel A. Schnapp**
Daniel A. Schnapp, Esq.
Oksana Wright, Esq.
100 Park Avenue, 15th Floor
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940

9